NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0287n.06
Filed: April 18, 2005

Case No. 03-1886

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| STONE TRANSPORT, INC. et al., | ) | |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| VOLVO TRUCKS NORTH AMERICA | ) | DISTRICT OF MICHIGAN |
| INC., a Delaware Corporation. | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

_____

BEFORE: MARTIN and BATCHELDER, Circuit Judges; O'MEARA,[*] District Judge.

ALICE M. BATCHELDER, Circuit Judge. Stone Transport, Amazon Transportation, Lady Hawk, and Kathleen Eddy ["plaintiffs"], all purchasers of Volvo Tractor Trucks between the years 1994 and 1998, filed suit in the United States District Court for the Western District of Michigan, against Volvo Trucks North America, Inc. ["Volvo"] alleging breach of express warranties made in connection with the sale of numerous tractors and numerous other claims not pertinent to this appeal. Because the record supports the jury finding that the limitations contained in the express warranties in the truck purchase agreements failed of their essential purpose, and because even without plaintiffs' flawed expert testimony, the evidence supported the damages

_____

[*]The Honorable John Corbett O'Meara, District Judge for the Eastern District of Michigan, sitting by designation.

awarded, we AFFIRM the district court's denial of Volvo's motions for judgment as a matter of law and motion to alter or amend judgment, and therefore affirm the jury award of damages.

## I.

The plaintiffs purchased numerous Volvo trucks from the defendant over a period of several years. For each truck, the defendant provided an express warranty with a limitation of the buyer's remedy to repair or replacement of defective parts or components. The trucks required very frequent repairs because of defective parts, and although Volvo made those repairs, they often took an unreasonable amount of time. Contrary to defendant's representations when plaintiffs purchased the trucks, plaintiffs were not able to have warranty work or other service performed on the trucks away from their home dealership because other Volvo dealers did not have adequate parts inventories or training. There were also instances in which particular trucks experienced frequent recurrence of particular problems because Volvo was unable to repair the defects.

> Under Michigan law, a limited warranty fails of its essential purpose
>
> [w]hen a seller does not repair or replace in order to cure a nonconformity…the limited remedy stated in terms of repair or replacement has failed of its essential purpose. Such remedy also fails of its essential purpose when a seller is simply unable to cure the nonconformity notwithstanding that the seller's failure to cure was neither willful nor negligent. Moreover, the nonconformity must be removed within a reasonable time. The buyer is not bound to permit the warrantor to tinker with the goods indefinitely in the hope that it ultimately may be made to conform.

*Forster v. Navistar Int'l Transp. Corp.*, 2002 WL 1998571, *4-5 (Mich. App., Aug. 27, 2002) (citing 67A AM. JUR. 2D, *Sales*, §§921-925, pp 325-330); *see also Tibco Software, Inc. v. Gordon Food Service, Inc.*, 2003 WL 21683850, *6 (W.D. Mich. July 3, 2003). We conclude that the facts developed at trial are sufficient to support the jury's finding that Volvo's repair/replace limitation failed of its essential purpose.

2

"Where circumstances cause . . . [the] limited remedy to fail of its essential purpose," the non-breaching party may seek any remedy provided under the Uniform Commercial Code as incorporated into Michigan law. M.C.L. § 440.2719(b)(2). Because Michigan law allows for incidental and consequential damages, M.C.L. §§ 440.2714 and 2715, plaintiffs are able to recover consequential damages.

The jury awarded consequential damages for each of four categories of loss: downtime, towing and driver-related expenses, lost profits, and loss of business value. The district court reduced the damage award by the amount of the damages for loss of business value. We hold that the district court did not err in reducing the award of consequential damages. The record demonstrates that in order to prevent a double recovery, the plaintiffs had clearly agreed that they would claim consequential damages either under the first three categories or solely under the category of loss of business value.

## II.

The Supreme Court has held that Federal Rule of Evidence 702 requires district courts to ascertain whether a party proffering expert testimony has laid an adequate foundation demonstrating that the testimony is relevant and reliable. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 594-97 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). During that preliminary assessment the district court must assess whether the methodology underlying the testimony is valid and whether the methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592-93. In this case, the district court expressly found that there is "literally no basis whatsoever" for Greydanus's methodology. Regardless of whether the defendant made a timely objection to the methodology used by Greydanus, the district court plainly erred in failing to exercise its gate-

3

keeping function by admitting an expert's testimony when the methodology underlying that testimony had "no basis whatsoever."

Nevertheless, the flawed testimony of Greydanus does not prevent plaintiffs from recovering consequential damages because his testimony went only to the issue of loss of business value, the damages which the district court subtracted from the award.

### III.

Because the record supports the jury's finding that the express warranties' limitations on damages failed of their essential purpose, and because the evidence supported the damages awarded as reduced by the district court, we **AFFIRM** the district court's denial of Volvo's motions for judgment as a matter of law and motion to alter or amend judgment, and therefore affirm the jury award of damages.